Submitted on record and briefs May 4, reversed and remanded. June 6, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

RYAN LUCUS,
aka Ryan Eric Lucus,
*Defendant-Appellant.*

Multnomah County Circuit Court
050140906; A128490

160 P3d 1012

Garrett A. Richardson filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Doug M. Petrina, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

Defendant appeals his conviction, following a jury trial, for strangulation. ORS 163.187. Defendant argues that the trial court, by admitting "excited utterance" hearsay evidence against him, violated his rights under Article I, section 11, of the Oregon Constitution.[1] The state concedes error and, as explained below, we accept that concession as well-founded. Accordingly, we reverse and remand.

The material circumstances, for purposes of our review, are undisputed. On the day of trial, the prosecutor informed the court that the state intended to offer statements that the complainant had made to friends, describing the alleged crime, shortly after it occurred. The state proposed to offer those hearsay statements as "excited utterances" admissible under OEC 803(2) ("statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition"). Defendant objected, arguing that, unless the state could show that the declarant—the complainant—was unavailable, the admission of such evidence would violate his confrontation rights under Article I, section 11. After colloquy with counsel (described below), the trial court concluded that the state had made reasonable efforts to procure the complainant's attendance and, consequently, admitted her hearsay statements.

On appeal, the parties agree that, although OEC 803(2) itself does not require a showing of unavailability in order to admit this type of hearsay evidence, Article I, section 11, does. *See generally State v. Moore*, 334 Or 328, 49 P3d 785 (2002). Here, in the colloquy with the trial court, the prosecutor indicated that a subpoena had been mailed to the complainant's residence, but she had not been personally served with a subpoena. The prosecutor also stated that he had spoken with a member of the complainant's family, who had at first indicated that the complainant would attend trial but later—a day or two before trial—had told the prosecutor that the complainant had left home, leaving a note saying that she

---

[1] Article I, section 11, provides, in part, "In all criminal prosecutions, the accused shall have the right * * * to meet the witnesses face to face * * *."

was too frightened to testify and would be gone for a "few days." The family member did not know where the complainant was. The state made no subsequent efforts to locate the complainant.

Defendant asserts, and the state concedes, that the record does not establish that the state "made a good-faith effort to produce the witness at trial or to demonstrate that the witness was not available to testify." *Moore*, 334 Or at 341. We agree that, on this record, the steps taken by the state to procure the attendance of the complainant at trial were insufficient. Accordingly, the trial court erred in admitting the hearsay recounting of the absent complainant's description of the incident. We further agree, as the state concedes, that, given the totality of the evidence, that error was not harmless.

Reversed and remanded.